The judgment should be reversed upon the ground, that error was committed in substituting Davidson in the place of Elwood, as a justice of the sessions, after the trial in the above matter had commenced. Such substitution was objected to by the counsel for the prisoner. Previous to such substitution, the jury had been impanneled, and a portion of the evidence taken. The Constitution of the State provides that the county judge, with two justices of the peace, to be designated according to law, may hold Courts of sessions. The two justices are indispensable to constitute a legally organized court, and neither can be dispensed with any more than the county judge. When Elwood abandoned the trial, the court was disorganized, so far as this trial was concerned. This is not the case where a member of the court leaves the bench for a few moments, intending to return, and does return, but a total abandonment of the trial, in consequence of which one-third of the court is changed; and it is not for us to speculate in regard to the probable injury which might result from the substitution of Davidson; it is sufficient that the prisoner had a right to insist that his trial should proceed before the same court before which it was commenced. It is insisted by the counsel for the defendants in error, that no possible injury could result to the prisoner in consequence of such change. We have no means of determining that question, as we are unable to ascertain from the facts before us, what influence Elwood might have exercised during the trial, or in determining the punishment to be inflicted upon the prisoner. When the Constitution requires a court to be constituted of a certain number of members, we are not at liberty to determine judicially, that two members of such court are so far useless appendages, that they may be changed during a trial to suit their convenience, and others substituted *Page 607 
in their places. In the case of Cancemi v. The People
(18 N Y, 129), it was held, that, even by consent, a prisoner could not be tried by eleven jurors, and the conviction was reversed. STRONG, J., remarks (page 136), "the substantial constitution of the legal tribunal, and the fundamental mode of its proceeding, are not within the power of the parties." The judgment should be reversed, and a new trial ordered at the Court of Sessions of Delaware county, and the record and proceedings remitted to that court.
All the judges concurring, judgment reversed and new trial ordered.
 *Page 1