MARY HINMAN, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Court of General Sessions — absence of two justices — power of county judge to receive a verdict.*

The plaintiff in error was tried at a Court of General Sessions for grand larceny. After the jury had retired to consider their verdict both of the justices sitting with the county judge left the court room, and one of them left the building. While they were absent the jury came in and the county judge received their verdict of guilty. The jury were polled at the request of the prisoner's counsel, without any objection on his part to the reception of the verdict, in the absence of the two justices.

*Held,* that the county judge had no power to receive the verdict and that the conviction or sentence must be set aside.

WRIT OF ERROR to the Court of General Sessions of the county of Ontario to review the conviction and sentence of the plaintiff in error for grand larceny.

*E. W. Gardner,* for the plaintiff in error.

*Frank Rice,* for the defendants in error.

MULLIN, P. J. :

The plaintiff in error was indicted in the Ontario Oyer and Terminer for grand larceny. The indictment was sent for trial to the Sessions of that county, and the case came on for trial at a term of that court held in June last. After the charge by the court, the jury retired to consider their verdict and the county judge commenced the trial of a civil cause. The justices of Sessions, who were members of the court during the trial, left the court room, one of them going into the hall on the lower floor of the court-house, and the other went into the street. While the justices were absent from the court room, the jury came in and announced that they had agreed on a verdict. The county judge in the absence of the justices of Sessions received the verdict. The jury was polled at the request of the counsel for the plaintiff in error, and

the verdict of guilty was entered by the clerk. Subsequently the plaintiff's counsel made a motion in arrest of judgment, upon the ground that the verdict was improperly received and entered, and upon other grounds not deemed material to be considered on this writ of error. The motion was denied and the prisoner sentenced to imprisonment in the Monroe penitentiary for one year.

The rule is too well settled to be departed from or modified that a verdict must be delivered in open court. It cannot be received privately nor by the clerk or other person in the absence of the court, not even by agreement of counsel. (1 Chitty's Cr. L., 636.) To permit verdicts to be received otherwise than in open court, would lead to the greatest abuses. The people or the prisoner might be grossly wronged without any means of redress, or the administration of the law brought into contempt or subjected to suspicion.

The Court of Appeals in *Blend* v. *The People* (41 N. Y., 604,) decided that the conviction of the plaintiff in error should be reversed, because one of the justices of Sessions left the bench during the trial, and the county judge appointed another justice of the peace to fill his place, and the trial proceeded before the court thus organized. The learned judge who delivered the opinion of the court, says, when Elwood abandoned the trial the court was disorganized so far as this trial was concerned. This is not the case when members of the court leave the bench for a few moments intending to return, and do return, but is a total abandonment of the trial in consequence of which one-third of the court is changed.

In the case of *The People* v. *Dohring* (59 N. Y., 374), it was held that a Court of Sessions was not disorganized because one of the justices of Sessions left the bench during the trial, went on to the witness stand and was examined as a witness in the cause. FOLGER, J., assigns as a reason why the irregularity of the justice leaving the bench and being examined as a witness, did not disorganize the court: "That the justice did not leave the court room while the trial was progressing; he did not abandon the trial; he left the bench for a space, intending soon to return to it, and did return." The ruling in the case last cited followed that in *Tuttle* v. *The People* (36 N. Y., 431), *The People* v. *Reagle* (60 Barb., 527).

The case now in hand does not come within the principles laid

down in the last two cases cited. In this case the justices of Sessions left, not the court room only, but one of them left the court house. When the verdict was received the court was held by the county judge only, and he cannot, under the Constitution, hold a Court of Sessions. The conviction was, therefore, illegal and must be reversed. The case of *The People* v. *Shaw* (63 N. Y., 36) is directly in point and decisive of the case. It was suggested by the district attorney on the argument, that the plaintiff in error lost the right to insist upon the defective organization of the court when the verdict was received, because her counsel did not object at the time of the reception of the verdict, on the ground that there was not a court authorized to receive it. I do not suppose it would be seriously urged that the plaintiff has lost her right to insist upon the objection to the organization of the court, if the county judge had alone proceeded to try her for the crime alleged in the indictment. It would be no more a court than if it was held by any respectable gentleman in Ontario county. Silence does not confer jurisdiction over the subject-matter in a civil or criminal action or proceeding. Receiving the verdict was one, if not the most important of the proceedings during the trial. It must be received by the court before which the trial was had, and if not the verdict is a nullity, and not authority for the sentence. The conviction must be reversed and a new trial had in the Ontario Sessions, to which court the proceedings are remitted. The question can be there considered whether the former trial prevents a second one.

The district attorney has not considered it on his points, and we cannot consider it without he has an opportunity to be heard.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Conviction reversed and new trial granted in Ontario Sessions, to which proceedings are remitted.